# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES FIELDS, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0800-CVE-PJC |
| | ) | |
| JAMES BRIAN RAYL, PETE SILVA, | ) | |
| TULSA POLICE DEPT, TULSA CO. | ) | |
| PUBLIC DEFENDERS OFFICE, DANIEL F | ) | |
| BEAN, Officer, NICOLAS R DEBRIN, Officer | ) | |
| MATTHEW Y FARRELL, Officer, | ) | |
| PAUL SCHROEDER, KATHLEEN M | ) | |
| ANDERSON, Officer, DEPT OF PUBLIC | ) | |
| SAFETY, and JOHN DOE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff James Fields, Jr's pro se Complaint (Dkt. # 1) and Motion for Leave to Proceed in Forma Pauperis (Dkt. # 2). Fields alleges that defendants Rayl, Silva, and the Tulsa County Public Defender's Office violated his constitutional rights by acting "with insufficient[] and ineffective acts of counsel." Dkt. # 1, at 3. He alleges that defendants Bean, Debrin,[1] Farrell, and the Tulsa Police Department prepared false exhibits and committed perjury. Id. at 3. Fields does not make allegations against defendants Schoreder, Anderson, or the "Dept of Public Safety."

---

[1] Fields also spells this defendant's last name "Debrain." Dkt. # 1, at 2, 3.

A. Motion to proceed in forma pauperis

In reliance upon the representations and information set forth in Fields' motion to proceed in forma pauperis and supporting affidavit (Dkt. # 2), the Court finds that the motion should be granted. Fields is permitted to file and maintain this action to conclusion without prepayment of fees and costs.

B. Complaint

A district court may dismiss an action filed in forma pauperis "at any time" if the court determines that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The factual allegations "must be enough to raise a right to relief above the speculative level." Id. When deciding whether to grant a motion to dismiss, a court must accept all the well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 592; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). Nonetheless, a court need not accept as true those allegations which are conclusory in nature. Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall

v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 550 U.S. at 570.

Pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

Fields seeks money damages under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Section 1983 provides a cause of action against persons acting under color of state law for violation of a plaintiff's federally-protected rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U.S. 299, 326 (1941).

1.      Defendants Rayl and Silva

Fields alleges that defendants Rayl and Silva[2] violated his constitutional rights by providing him with ineffective assistance of counsel. Dkt. # 1, at 3. A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Harris v. Champion, 51 F.3d 901, 910 (10th Cir. 1995) ("even if counsel performs what would be a traditional lawyer function . . . so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law").

Any alleged "ineffective acts" taken by Rayl or Silva would have been during the performance of "traditional lawyer functions," associated with their representation of Fields. Rayl and Silva were not acting under color of state law when they served as Fields' counsel. Therefore, Fields has failed to state a § 1983 claim against defendants Rayl and Silva.

2.      Defendant Tulsa County Public Defender's Office

Fields alleges that the Tulsa County Public Defender's Office (which is not an independent legal entity, but rather an office of Tulsa County) violated his constitutional rights by providing ineffective assistance of counsel. Section 1983 "will not support a claim based on a respondeat

---

[2] Although the complaint does not state the relationship between Rayl and Silva and Fields, the Court assumes that Rayl and Silva are employed by the Tulsa County Public Defender's Office and served as Fields' appointed counsel in a criminal trial. However, the Court's analysis would not change if defendants Rayl and Silva were appointed to represent Fields but not employed by the Tulsa County Public Defender's Office. Further, the Court's analysis would not change if defendants Rayl and Silva were private attorneys retained by Fields. See Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983) ("private attorneys, by virtue of being officers of the court, do not act under color of state law within the meaning of section 1983"). Under none of these circumstances would Rayl and Silva be state actors under § 1983. See infra.

superior theory of liability." Polk County, 454 U.S. at 325. A local government may be sued under § 1983 only "when execution of a government's policy or custom . . . inflicts the injury." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). In Polk County, the Supreme Court dismissed a pro se plaintiff's § 1983 claim against the county offender advocate's office because he failed to allege that alleged ineffective assistance of counsel "was caused by any constitutionally forbidden rule or procedure." 454 U.S. at 326. The same is true here. Fields has not alleged that he was deprived of his rights pursuant to any policy, rule, or procedure of the Tulsa County Public Defender's Office or Tulsa County. Therefore, Fields has failed to state a § 1983 claim against the Tulsa County Public Defender's Office or Tulsa County.

3. Defendant Tulsa Police Department

Fields alleges that the Tulsa Police Department (which is not an independent legal entity, but rather a department of the City of Tulsa) violated his constitutional rights by preparing false exhibits and committing perjury at his trial. Dkt. # 1, at 3. Fields does not allege that his rights were violated pursuant to any policy, rule, or procedure of the Tulsa Police Department or the City of Tulsa. Fields has failed to state a § 1983 claim against the Tulsa Police Department or the City of Tulsa for the same reasons he failed to state a claim against the Tulsa County Public Defender's Office. See supra.

4. Defendants Bean, Debrin, and Farrell

Fields alleges that officers Bean, Debrin, and Farrell violated his constitutional rights by preparing false exhibits and committing perjury at his trial. Dkt. # 1, at 3. In Briscoe v. LaHue, 460 U.S. 325 (1983), the Supreme Court held that police officers are immune from § 1983 liability for their testimony at a criminal trial, even if that testimony was allegedly perjured. See also Hunt v.

Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994) (affirming district court's dismissal of § 1983 claim against a police detective for allegedly conspiring to commit perjury at plaintiff's trial); Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990) ("[w]itnesses, including public officials and private citizens, are immune from civil damages based upon their testimony"). Fields seeks damages from these defendants for their allegedly perjured testimony at his trial; this is an act for which they cannot be held liable under § 1983. Therefore, Fields has failed to state a claim against defendants Bean, Debrin, and Farrell.

5. <u>Defendants Schroeder, Anderson, "Dept of Public Safety," and unnamed "Rep's Dept. Public Safety"</u>

Fields did not state the basis of his claims against any of the remaining defendants. Aside from listing them as defendants, the complaint makes no mention of these individuals or institution. Therefore, Fields has failed to state claims against them.

For these reasons, Fields has failed to state a claim against any defendant named in his complaint.

**IT IS THEREFORE ORDERED** that Fields' Motion for Leave to Proceed <u>in Forma Pauperis</u> (Dkt. # 2) is **granted**; Fields is permitted to file and maintain this action to conclusion without prepayment of fees and costs.

**IT IS FURTHER ORDERED** that Fields' complaint (Dkt. # 1) is **subject to dismissal** for failure to state a claim. Fields may attempt to cure the deficiencies described herein by filing an amended complaint against the City of Tulsa and Tulsa County no later than **January 22, 2010**.

**DATED** this 8th day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT